Mr. Larry Norris Director, Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
I am writing in response to your request for an opinion regarding the Prison-Made Goods Act of 1967, which is codified at A.C.A. § 12-30-201 etseq. (Repl. 1999). Your question pertains to the Department of Correction's "Pen Stores," which purchase commissary items for resale to the inmate population. You have asked whether the Pen Stores could legally purchase items that are manufactured by inmates pursuant to the Prison-Made Goods Act and resell such items to the entire prison population. You state that most likely this would include items such as t-shirts and robes, and that profits made by the Pen Stores are put into the Inmate Welfare Fund, which you state "can only be used for those things which benefit the inmate population within [the Arkansas Department of Correction (`ADC')]."
You have asked, specifically:
 Would this resale of inmate manufactured products to the general population of ADC inmates appear to be a resale for profit or present a situation likely to be viewed as conflicting with the language or legislative intent of the Prison-Made Goods Act or any other laws in the State of Arkansas?
RESPONSE
It is my opinion that the answer to this question is "no." That is, the Pen Stores' purchase of prison-made items and its resale of such items to the prison population would not, in my opinion, be contrary to the Prison-Made Goods Act or any other state law.
The intent of the Prison-Made Goods Act of 1967 (hereinafter "the Act") is set forth in A.C.A. § 12-30-202 as follows:
 Whereas, the means now provided for the employment of prison labor are inadequate to furnish a sufficient number of prisoners with diversified employment, it is declared to be the intent of this subchapter:
 (1) To further provide more adequate, regular, and suitable employment for the prisoners of this state, consistent with proper penal purposes;
 (2) To further utilize the labor of prisoners for self-maintenance and for reimbursing this state for expenses incurred by reason of their crimes and imprisonment;
 (3) To effect the requisitioning and disbursement of prison products directly through established state authorities with no possibility of private profits therefrom.
Toward these ends, the Act authorizes the Board of Corrections ("Board") to establish and maintain prison industries (A.C.A. § 12-30-203). Prison labor is utilized in these industries to produce such "article or products as may be needed for the construction, operation, maintenance, or use of any office, department, institution, or agency supported in whole or in part by this state and the political subdivisions thereof." Id. Seealso State of Arkansas Department of Corrections Administrative Regulation No. 114 (4/2/90). Purchases may also be made by nonprofit organizations, provided that the goods are not resold for profit (A.C.A. § 12-30-205 (1)), and by current employees and retirees of the ADC and members of the Board of Corrections, for their "personal use only and not for resale." Id. at subsection (2). State entities are given priority, however, in their purchases. See A.C.A. § 12-30-209. Purchases are made from the Board, at the discretion of the purchaser. A.C.A. § 12-30-204
(a) (1).
The purchase of prison products by the Pen Stores for resale to inmates would appear to further the purposes of the prison industries program (see A.C.A. § 12-30-202, supra) and be consistent with the overall intent of the Act. The Pen Stores are established through regulation to provide commissary operations within each correctional facility. See Arkansas Board of Corrections Administrative Regulation No. DOC 103 (3/10/94). In order to operate, the Pen Stores (commissaries) must have items to resell to the prison population. The prison industry products thus serve the Pen Stores' operational needs, satisfying that part of the Act that contemplates the utilization of prisoner services to meet the needs of state-supported entities. See A.C.A. § 12-30-203. By purchasing the prison products, the Pen Stores are contributing to the employment of prisoners and the utilization of their labor for self-maintenance, furthering the Act's stated purpose. A.C.A. § 12-30-202 (1) and (2). And there is no possibility of private profits (see A.C.A. § 12-30-202 (3) (supra), because the net profit from items sold in the Pen Stores is placed in a special fund and expended for the benefit of the offender population under Board of Corrections guidelines. See Board of Corrections Reg. No. DOC-103, supra.
One question that arises is whether the Pen Stores are included under the Act as "offices, departments, institutions, agencies, or political subdivisions" of the state. See A.C.A. § 12-30-204 (a) (1). I believe some insight may be gained by referencing § 12-30-202, which includes as part of the Act's stated intent the "requisitioning and disbursement of prison products directly through established state authorities with nopossibility of private profits therefrom." (Emphasis added). In my opinion, the Pen Stores are reasonably viewed as "established state authorities," given that they are established and separately managed within each correctional facility with authority to provide facility commissary operations. See Reg. No. DOC-103, supra. Additionally, as previously noted, there will be no private profits from their resale of the prison products.
It is therefore my opinion that the Pen Stores may, pursuant to the Prison-Made Goods Act, purchase items that are produced in the prison industries, and that the Stores' resale of such items to the prison population is not contrary to the Act. Nor am I aware of any other state law that would prohibit such purchase and resale.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh